```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MACQUAN FASHAW,

        Petitioner,

-against-

THOMAS GRIFFIN,

        Respondent.

17-CV-7328 (KPF) (BCM)

**ORDER TO SUPPLEMENT RECORD**

**BARBARA MOSES, United States Magistrate Judge.**

    On February 27, 2018, respondent filed his answer (Dkt. No. 9) to *pro se* petitioner's pending *habeas corpus* petition (Dkt. No. 1), together with the state court record (the State Court Record) (Dkt. No. 9-1) and the transcript (Dkt. Nos. 9-2, 9-3) of the trial at which petitioner was convicted. Petitioner appealed that conviction to the Appellate Division, First Department, which affirmed the judgment on December 10, 2015, *see People v. Fashaw*, 134 A.D.3d 490, 21 N.Y.S.3d 235 (1st Dep't 2015), and thereafter sought leave to appeal to the New York Court of Appeals, which denied that request on June 24, 2016. *See People v. Fashaw*, 27 N.Y.3d 1131, 61 N.E.3d 512 (2016).

    According to respondent, when petitioner sought leave to appeal to the Court of Appeals, he only sought to raise one of the issues he had argued in the Appellate Division, rendering the other issues unexhausted – or "exhausted but procedurally barred" – and thus unreviewable in a *habeas corpus* proceeding. *See* Mem. of Law in Opp. to the Pet. for a Writ of *Habeas Corpus* (Dkt. No. 10) at 2, 14-17, 27.

    Under the rules of the Court of Appeals, applications for leave to appeal are made by letter addressed to the Clerk of that Court. *See* N.Y. Ct. of Appeals R. 500.20(a). "After the application is assigned to a Judge for review," the applicant is then "given the opportunity to serve and file additional submissions" to the assigned Judge. N.Y. Ct. of Appeals R. 500.20(a)(4). In this case,

the State Court Record – submitted by respondent – does not include petitioner's initial letter-application sent to the Clerk of the Court. (It does include petitioner's second submission, dated February 16, 2016, and addressed to the Hon. Jenny Rivera. *See* State Court Record at 183-90.)

No later than **May 8, 2020**, respondent shall supplement the State Court Record with a copy of petitioner's initial letter to the Clerk of the Court of the New York Court of Appeals.[1] If respondent is unable to provide the Court with a copy of that letter, he shall (1) submit a declaration or other admissible evidence explaining why that is so, and (2) provide his position regarding whether this Court, without the complete record of petitioner's submissions to the Court of Appeals, may nonetheless deem any issues petitioner raises in this *habeas* proceeding "exhausted but procedurally barred."

Respondent shall promptly serve a copy of this Order on petitioner, and file proof of such service.

Dated: New York, New York
      April 24, 2020

**SO ORDERED**

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[1] Based on an inquiry by the Court's staff to the Court of Appeals, it appears that petitioner submitted his initial letter seeking leave to appeal in or around January 2016, but that, pursuant to that Court's standard document-retention practice, the Court of Appeals's copy of that letter has been destroyed.